# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMAL SHARIF, | )<br>) |
| Plaintiff, | ) No. 1:15-CV-10795<br>) |
| v. | ) Jeffrey T. Gilbert<br>) Magistrate Judge |
| ARTHUR FUNK, SALEH OBAISI,<br>A. MARTIJA, AND WEXFORD HEALTH<br>SOURCES, INC., | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jamal Sharif ("Plaintiff") has moved to withdraw his consent to proceed before a Magistrate Judge in this civil action against Dr. Arthur Funk, Dr. Saleh Obaisi, Dr. A. Martija, and Wexford Health Sources, Inc. ("Defendants"). [ECF No. 41.] Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, counsel for all the parties signed a form consenting to the jurisdiction of a United States Magistrate Judge for all proceedings in this case, including entry of final judgment. For the reasons stated below, Plaintiff's Motion to Withdraw Consent to Magistrate Judge [ECF No. 41] is granted.

## I. PROCEDURAL HISTORY

Plaintiff filed his initial complaint on January 22, 2016, alleging infliction of cruel and unusual punishment by Defendants while Plaintiff was incarcerated at Stateville Correctional Center. [ECF No. 8.] In an amended complaint filed on May 13, 2016, Plaintiff alleges Defendants inflicted cruel and unusual punishment by failing to provide medical care to treat Plaintiff's medical condition. [ECF No. 21.] On July 14, 2016, counsel for all the parties informed the then-assigned District Judge that they planned to jointly consent to proceed before

the assigned Magistrate Judge. [ECF No. 28.] On September 21, 2016, the parties filed a Joint Consent to Exercise of Jurisdiction by a United States Magistrate Judge signed by counsel for Plaintiff and counsel for Defendants. [ECF No. 33.] In that form, the parties agreed "any and all further proceedings in this case, including trial" would proceed before a Magistrate Judge. [*Id.*] Seven days later, the District Court Judge issued an order reassigning this case to this Magistrate Judge. [ECF No. 36.]

The parties first appeared before this Court on November 15, 2016 for a status hearing. [ECF No. 38.] At that time, Plaintiff's counsel advised the Court that he received a letter from Plaintiff that morning stating Plaintiff did not consent to the jurisdiction of a Magistrate Judge for all proceedings. [ECF No. 38.] Counsel said Plaintiff only intended to consent to the jurisdiction of the Magistrate Judge for purposes of settlement. [*Id.*] The parties informed the Court they were not prepared to settle at that time and a date was set for the parties to return for a status hearing after Plaintiff's counsel had an opportunity to consult with his client about the letter he had received that morning. [*Id.*]

Plaintiff's counsel appeared again on December 13, 2016 for a status hearing. Defendants' counsel did not appear. [ECF No. 39.] Plaintiff's counsel informed the Court that Plaintiff had a scheduled appointment with a urologist the next day that could impact the continued viability of Plaintiff's claim. At that time, the Court also raised the question of Plaintiff's consent to the Magistrate Judge's jurisdiction. Plaintiff's counsel acknowledged that the ball was in his and Plaintiff's court on that issue, so to speak.

On December 22, 2016, the Court received a letter from Plaintiff expressing his objection to his counsel having consented to the jurisdiction of the Magistrate Judge. [ECF No. 40.] Plaintiff's counsel then filed a Motion to Withdraw Consent to Magistrate Judge before the

2

District Court Judge on January 10, 2017. [ECF No. 41.] The motion was stricken by the District Judge, who advised Plaintiff to notice the motion before the Magistrate Judge due to the parties' previously-filed consent. [ECF No. 46.] On January 19, 2017, Plaintiff noticed the motion before the Magistrate Judge. The Court asked Plaintiff's counsel to submit a memorandum in support of the motion to withdraw consent citing applicable authority for the relief requested. [ECF No. 49.] Plaintiff's counsel filed the requested memorandum on February 1, 2017. [ECF No. 51.] The Magistrate Judge gave Defendants until February 16, 2017 to respond to the motion and memorandum. [ECF No. 49.] The Defendants did not file a response and have not raised any objection or opposition to Plaintiff's Motion.

## II. DISCUSSION

Parties may consent to the jurisdiction of a magistrate judge for "any and all proceedings in a jury or non-jury civil matter." 28 U.S.C. § 636(c)(1). Consent to the jurisdiction of a magistrate judge, however, is not simply a tactical decision that can be made by a party's counsel alone. *Williams v. Romero*, 1993 WL 376500 at *3 (7th Cir. Sept. 24, 1993) ("[I]t is the waiver of the right to trial before an Article III judge."). The parties must knowingly and voluntarily consent to a non-Article III judge. *Wellness Int'l Network Ltd. v. Sharif*, 135 S.Ct. 1932, 1948 (2015) ("[A] litigant's consent—whether express or implied—must still be knowing and voluntary."); *see also Roell v. Withrow*, 538 U.S. 580, 589 (2003) ("It was thus concern about the possibility of coercive referrals that prompted Congress to make it clear that 'the voluntary consent of the parties is required before a civil action may be referred to a magistrate for a final decision.'").

In the Seventh Circuit, a party may consent to a magistrate judge's jurisdiction via his counsel's signature if, in signing the consent form, his counsel is acting within the scope of his

3

authority. *Williams*, 1993 WL 376500, at *3. If counsel signs the consent form without his client's permission and instruction, he acts outside the scope of his authority to represent his client. *See id.* (noting that because the plaintiff never gave his attorney explicit permission to consent to a magistrate judge, the attorney acted outside the scope of his authority).[1]

Statements from both Plaintiff and his counsel indicate strongly that Plaintiff's counsel did not act within his authority by signing the form consenting to proceed before this Magistrate Judge. In his Motion to Withdraw Consent to Magistrate Judge, Plaintiff said he never intended to consent to the jurisdiction of the Magistrate Judge for anything more than settlement of his case. [ECF No. 41.] In his letter to the Court, the Plaintiff further stated he did not sign the consent form himself. [ECF No. 40.] Plaintiff's counsel concedes he mistakenly signed the consent form without a clear understanding of Plaintiff's wishes to consent only for settlement purposes. [ECF No. 51.] Plaintiff's dissatisfaction with the consent given by his counsel was first brought to the attention of this Court on November 15, 2016, when counsel first appeared. [ECF No. 38.] Plaintiff's notice of his objection to consent was timely. The issue was raised before this Court less than two months after the consent form was signed. Proceedings in this matter have not progressed since reassignment of the case.

Furthermore, no party objects to Plaintiff withdrawing consent to the jurisdiction of a Magistrate Judge and no substantive ruling has been made since the consent was docketed. Defendants raised no objection to Plaintiff's request to withdraw consent, despite having the

---

[1] The Court notes that the Seventh Circuit, in other contexts, has found that an attorney's signature can be sufficient to consent to the jurisdiction of a magistrate judge. In those cases, however, the factual scenarios are not analogous to the facts here. *See, e.g. Noah v. Mancari's Chrysler Plymouth Jeep Eagle Inc.*, 2003 WL 463473 at *1 (7th Cir. 2003) ("[T]here is no reason why action by a lawyer with apparent authority should be reviewable long after the judgment has been entered."). In this case, because Plaintiff raised his objection to the consent in a timely manner, both he and his counsel agree that it was mistakenly communicated, and no substantive proceedings or rulings have been issued or taken place, the Court believes the better reasoned path to follow is that laid out in *Williams v. Romero*.

4

opportunity to do so. [ECF No. 49.] Plaintiff and his counsel both agree consent was mistakenly communicated. The Court therefore grants Plaintiff's motion to withdraw consent to its jurisdiction.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Withdraw Consent to Magistrate Judge [ECF No. 41] is granted. This case is returned to the previously assigned District Judge.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 7, 2017